

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2003

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Wright" (2003). *2003 Decisions.* Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-4309

UNITED STATES OF AMERICA

v.

KEVIN WRIGHT,
a/k/a HERB

Kevin Wright,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00467-2)
District Judge:  Hon. Garrett E. Brown Jr.

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2003

Before:  SLOVITER, ALITO and FRIEDMAN,∗ Circuit Judges

(Filed  December 10, 2003)

OPINION OF THE COURT

_____

∗ Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit,
sitting by designation.

SLOVITER, Circuit Judge.

## I.

Appellant Kevin Wright pled guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 846. In Wright's Presentence Investigation (PSI) report, the Probation Office determined that Wright qualified as a "career criminal" under U.S.S.G. § 4B1.1 because he had been convicted for "two separate, unrelated counts" of manufacturing/delivering and possession with the intent to manufacture/deliver a controlled substance in February and March 1996. The PSI also listed a July 1995 "violation of the uniform drug act" in Pennsylvania state court for possession of heroin and marijuana, which resulted in a 30-days sentence, and a 1997 conviction for contempt of court. Based on his status as a career criminal, the PSI increased his offense level from 19 to 32 and his criminal history category from V to VI. After factoring in a three-level adjustment for acceptance of responsibility, the PSI calculated Wright's guideline range to be 151 to 188 months of imprisonment.

Wright filed for a downward departure pursuant to U.S.S.G. § 4A1.3, arguing, inter alia, that his criminal history score and his classification as a career offender over-represented the seriousness of his criminal history and his likelihood to recidivate. The District Court denied Wright's motion for downward departure and sentenced him to a term of imprisonment of 151 months, to be followed by three years of supervised release.

Wright wrote to the sentencing judge to notify him of his intention to appeal, and

requested the appointment of new counsel for the appeal. Wright filed a notice of appeal pro se, and defense counsel filed a motion to withdraw as counsel. The Clerk of this Court denied the motion and instructed counsel to file a brief in support of his motion pursuant to Anders v. California, 386 U.S. 738 (1967), if he found Wright's appeal to be wholly frivolous. Defense counsel submitted a brief, invoking Anders and stating that Wright's argument that his two prior convictions arose out of a common scheme was "without merit." Defense counsel also argued that the District Court clearly erred in finding that Wright had three prior felonies, instead of two, and that the District Court misconstrued its authority to grant a downward departure. Because the brief, in part, invoked Anders, Wright was permitted to submit a pro se brief.

The pro se brief is limited to Wright's argument that his two past felonies should have been counted as one because they were based on a common scheme. We agree that this argument is frivolous, and need not discuss it. We will instead treat the counseled brief as a merits brief. To the extent that Wright wishes to pursue his claim that he was denied the effective assistance of counsel at sentencing, Wright should pursue such a claim through a collateral proceeding under 28 U.S.C. §2255 where a trial court may develop a factual basis for the claim. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

Defense counsel contends that the District Court clearly erred in characterizing Wright's July 1995 simple drug possession conviction as a felony, which affected the court's decision not to grant Wright a downward departure. We review the District Court's findings of fact for clear error. United States v. Beckett, 208 F.3d 140, 147 (3d Cir. 2000). Counsel argues that the District Court erred in stating that Wright had three prior felony convictions. In discussing whether Wright qualified as a career criminal, the District Court first stated that Wright's criminal history started with "a drug conviction," referring to Wright's July 1995 possession offense. When defense counsel immediately clarified that Wright's July 1995 conviction did not qualify as "a predicate offense" or prior drug felony for career criminal status, the District Court did not disagree, but responded, "All right, but it is definitely a drug offense . . . ." Gov't Supp. App. at 29. Despite defense counsel's correction, the District Court later summarized Wright's criminal history as including "*three* felony drug convictions in Pennsylvania courts," demonstrating that Wright "doesn't seem to learn" and "demonstrat[ing] a total lack of regard for the law or seriousness of any pending drug charges." Id. at 38 (emphasis added). In sum, Wright "me[t] the criteria for [a] career offender." Id. The District Court then increased Wright's penalties based on the career offender provision.

The Government responds that even if the District Court counted Wright's July 1995 drug possession conviction as a prior drug felony, it would not have been a clear error because the PSI does not state if that conviction was a felony or misdemeanor. We

4

need not decide that issue because we agree with the Government that, even if the District Court erred in this respect, the error was immaterial because the alleged "mislabeling of the offense as a felony did not affect the District Court's assessment of the seriousness of the offense" or cause Wright any prejudice. Govt's Br. at 24, 25. In considering Wright's motion for downward departure, the District Court reviewed all of Wright's past offenses: the 1995 drug possession conviction, two drug distribution convictions in February and March 1996, a contempt of court conviction in 1997, an arrest that was later dismissed, and the instant drug conspiracy offense in 2002. The District Court then stated the following:

> Is this really a career offender, or is this somebody who got in trouble in '97, served his time and there's no prior and subsequent record until what we have now. . .
>
> The Congress was very concerned about career offenders. We have someone who fits linguistically as a career offender, the question is whether I should depart because he's outside the heartland, and because although he technically falls as a career offender he really should not be considered as such. The clear answer is, no. We have somebody here who has not learned. Somebody who, as I said, has been engaged in sale, engaged in distribution on a rather substantial level, goes away to prison, comes back out again, doesn't learn, does it all over again while he's on parole. He has supplied large quantities of heroin to co-conspirators for sale in Trenton. Through the use of interceptive cellular telephone calls and surveillance, apparently engaged in sales of narcotics. Three felony drug convictions in Pennsylvania courts, as noted before, within a short period of time, followed by prison. Doesn't seem to learn.

5

Behavior in the last two, as counsel noted, including the street from which he sold the heroin, nearly identical. He's obviously on pre-trial bail and release during the second and third arrests. Thus, demonstrating a total lack of regard for the law or the seriousness of any pending drug charges.

He meets the criteria for career offender. He was on parole at the time of this arrest. He goes right back in again. This is exactly what Congress was concerned about. It's clear to me that the – not only linguistically, but factually on this record he is career offender. He is a drug dealer.

I'm aware that this bumps him up about 12 and a half years, but that's what the Congress intended. It would be an abuse of my discretion to rule otherwise. Motion [for downward departure] denied.

App. at 34, 37-38.

The 1995 conviction formed part of the recidivist criminal history from which the District Court concluded that Wright "has not learned." The District Court described a defendant whose repeated criminal acts demonstrate "a total lack of regard for the law or the seriousness of any pending drug charges." The 1995 drug conviction represents one offense in a relatively continuous criminal history from 1995 to 2002 with which the District Court was concerned. Even more significant is that Wright was concededly convicted of two predicate drug offenses in 1996, one in February and the other in March. They were five or six weeks apart, they were separated by an arrest, they resulted in slightly different sentences, and the sentences ran consecutively, not concurrently. They thus meet the requirement for designation of Wright as a career offender.

Finally, we reject defense counsel's argument that the District Court

6

misapprehended its authority to depart downward under § 4A1.3 when a defendant's criminal history score overstates the seriousness of his criminal history or his likelihood of recidivism.[1] Defense counsel focuses upon the following statement by the District Court when increasing Wright's offense level based on his career criminal status: "I'm aware that this bumps him up from about six years to a minimum of about 12 and a half years, but that's what the Congress intended. It would be an abuse of my discretion to rule otherwise." App. at 10. The totality of the District Court's comments during the sentencing hearing, excerpted in the prior section, reflects the District Court's conclusion that Wright was the type of defendant that fell within the career offender provision. There is nothing that suggests that the District Court was under the impression that it lacked the legal authority to depart downward. Instead, the Court's remarks reflect its belief that it would have been an abuse of discretion to grant a downward departure under the facts of Wright's case. Because the District Court made a discretionary refusal to depart downwards, we may not review its decision. United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000).

## III.

We will therefore affirm the judgment of sentence and grant counsel's motion to withdraw.

---

[1] U.S.S.G. § 4A1.3 authorizes a sentencing court to depart downward if "the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes."

7

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge